IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT J. LUEDEKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-136 |
| | ) | (JORDAN/SHIRLEY) |
| J.P. HOGAN & COMPANY, INC., | ) | |
| J.P. HOGAN & COMPANY, INC. | ) | |
| EMPLOYEE'S PROFIT SHARING PLAN, | ) | |
| DOUGLAS W. HOGAN, AND | ) | |
| JOSEPH P. HOGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 30] of the Honorable Leon Jordan, United States District Judge, for disposition of Plaintiff's Motion for Expenses and Sanctions [Doc. 29]. Plaintiff filed his motion on March 22, 2007. [Doc. 29]. Plaintiff moves for sanctions, attorney's fees, and expenses, asserting that Defendants have not complied with discovery requests or the Court's previous order compelling discovery. [Doc. 28]. Defendants have not filed a response.

This matter came before the Court for a hearing on April 30, 2007. Attorney James Holifield, Jr. was present, representing Robert Luedeka, the plaintiff. Attorney Dan Rhea ("Mr. Rhea") was present representing the defendants. None of the parties were present. At the hearing, Plaintiff argued consistent with his pleadings. Defendants' counsel, Mr. Rhea, asserted that some discovery was lost, a summary judgment motion is presently pending before Judge Jordan, and that he doubted Plaintiff's need for immediate discovery. However, Mr. Rhea asked the Court for mercy upon himself and his client, and stating that the Court's previous Order [Doc. 28] rightfully granted

Plaintiff's earlier motion [Doc. 22]. Additionally, Mr. Rhea agreed that his client had not filed a response to Plaintiff's First Motion to Compel [Doc. 22] or to this present motion for sanctions and expenses [Doc. 29]. Further, the Court noted, and Mr. Rhea agreed, that Defendants were ordered to serve responses to Plaintiff's Interrogatories and Request for Production within twenty days of the Order's entry [Doc. 28], and Defendants waited until the eve of the deadline to attempt to comply. On the eve of the deadline, Defendants served responses to the interrogatories, but these responses were evasive and non-compliant with the Court's previous order. As to the request for production, Defendants merely replied that the items would be provided before trial, largely contravening the Court's Order that they respond to Plaintiff's request for production, which generally involves actually producing documents.

As a solution, at Mr. Rhea's suggestion, the Court considered whether the evidence sought could be barred from admittance, with all inferences running in favor of Plaintiff. Plaintiff asserted that such a solution would not be acceptable. Plaintiff desires to ascertain the content of certain financial transactions that are at issue, and the materials sought are evidence of those transactions.

> Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides:
>
> If the motion [for an order compelling disclosure or discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court <u>shall</u>, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially unjustified, or that other circumstances make an award of expenses unjust.

(emphasis added). The Order [Doc. 28] which ruled upon Plaintiff's Motion to Compel provided:

> For good cause shown, the plaintiff's Motion to Compel Discovery [Doc. 22] is **GRANTED**. The defendants are **DIRECTED** to serve responses to the plaintiff's Interrogatories and Request for Production of Documents within twenty (20) days of the entry of this Order. The plaintiff's request [Doc. 22] for an award of expenses related to the filing of this motion is **DENIED** at this time. However, the defendants are hereby put on notice that failure to cooperate in discovery and to follow the Orders of this Court may result in monetary sanctions and possibly the entry of judgment against them.

Thus, Plaintiff's motion to compel was granted, and Defendants were put on notice of the possibility of monetary or other sanctions. On March 22, 2007, Plaintiff, through its Motion for Sanctions and Expenses [Doc. 29] alerted the Court to substantial non-compliance with the Court's previous Order [Doc. 28]. At the best, Defendants were uncooperative with Plaintiff and evasive.

This Court granted a hearing on the present motion for April 30, 2007. Either through a response or at the hearing, Defendants could have responded to Plaintiff's motion. Additionally, they could have complied with the Court's previous order. Instead, Defendants opted neither to file a response to the motion nor to appear at the hearing and explain their actions. Accordingly, this Court finds that Plaintiff's previous motion to compel was granted, and Defendants have had an opportunity to be heard on this issue. Rule 37(a)(4)(A) provides that, in such situations, the award of attorney's fees and expenses is mandatory. See Stanfield v. Swenson, 381 F.2d 755, 757 (8th Cir. 1967) (holding that the word "shall" is generally regarded as an imperative). Therefore, Plaintiff's motion for sanctions and expenses [Doc. 29] is **GRANTED to the extent it requests reimbursement of reasonable expenses and attorney's fees incurred in**

**seeking this discovery and filing the two motions related to this discovery [Docs. 22, 29]**.[1] Plaintiff's attorney is **DIRECTED** to file an affidavit with the Court within ten (10) days of the entry of this Order detailing his expenses and attorney's fees. The Court reminds Plaintiff's counsel that such expenses must be reasonable. If Defendants question the amount requested, they may file a pleading challenging that amount within 10 (ten) days of the affidavit's filing.

In addition, the Court has considered imposing additional sanctions under Rule 37, including ordering that Plaintiff's allegations be taken to be established for the purpose of this action, refusing to allow Defendants to oppose Plaintiff's claims, prohibiting Defendants from introducing evidence in support of their defenses, and/or recommending a judgment by default against the recalcitrant Defendants. However, in an effort to elicit compliance instead of further sanctions, the Court hereby **orders Defendants to fully supplement their answers to Plaintiff's Interrogatories and Request for Production of documents by June 8, 2007**. Moreover, the Court has set a show cause hearing for **June 11, 2007 at 1:30 p.m.** before this Court. At the show cause hearing on June 11, 2007, the Court will determine the status of Plaintiff's Interrogatories and Request for Production and whether Defendants have fully answered and responded to the discovery requests in compliance with this Order and the Court's previous Order [Doc. 28]. If the Defendants once again prove themselves to be non-compliant, Defendants will be required to show cause why the Court should not impose additional sanctions, including the sanctions listed above, upon them. Of course, Defendants are encouraged to fully comply with Plaintiff's discovery requests so as to obviate the need for the imposition of additional sanctions.

---

[1]This sanction is imposed against party Defendant and not Defendant's attorney, Mr. Rhea.

Accordingly, it is ordered that:

(1) Plaintiff's motion for sanctions and expenses [Doc. 29] is **GRANTED to the extent it requests reimbursement of reasonable expenses and attorney's fees incurred in seeking this discovery and filing the two motions related to this discovery [Docs. 22, 29]**;

(2) Plaintiff's attorney is **DIRECTED** to file an affidavit with the Court within ten (10) days of the entry of this Order detailing his reasonable expenses and attorney's fees;

(3) Upon the filing of Plaintiff's affidavit, Defendants' counsel has ten (10) days in which to file a pleading challenging the amount Plaintiff requested in his affidavit detailing expenses and attorney's fees;

(4) Defendants are ordered to fully supplement their answers to Plaintiff's Interrogatories and Request for Production by **June 8, 2007**; and

(5) A status conference and, if necessary, a show cause hearing, is scheduled for **June 11, 2007 at 1:30 p.m.** before this Court.

**IT IS SO ORDERED.**

                              **ENTER:**

                              s/ C. Clifford Shirley, Jr.
                              United States Magistrate Judge