IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT J. LUEDEKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-136 |
| | ) | (JORDAN/SHIRLEY) |
| J.P. HOGAN & COMPANY, INC., | ) | |
| J.P. HOGAN & COMPANY, INC. | ) | |
| EMPLOYEE'S PROFIT SHARING PLAN, | ) | |
| DOUGLAS W. HOGAN, AND | ) | |
| JOSEPH P. HOGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 30, 35] of the Honorable Leon Jordan, United States District Judge, for disposition of Plaintiff's Motion for Expenses and Sanctions [Doc. 29] and Defendant's Motion to Withdraw as Counsel of Record for Defendants [Doc. 34]. These matters came before the Court on June 11, 2007 for a status conference and motion hearing. Attorney James Holifield was present, representing Plaintiff. Attorney Dan Rhea was present, representing Defendants.

At the outset, Attorney Dan Rhea noted that Joseph P. Hogan was no longer a proper party to this action due to his death. [Doc. 15]. The Court questioned Attorney Holifield as to whether Plaintiff had any objection to Joseph P. Hogan's dismissal from the case. Attorney Holifield represented that Plaintiff had no objection. Accordingly, Joseph P. Hogan is dismissed as a party Defendant in this matter due to his death.

Defendant's counsel filed a Motion to Withdraw as Counsel of Record for Defendants [Doc. 34] on June 4, 2007. In his motion, Attorney Dan Rhea moves to withdraw as counsel, citing irreconcilable difference which cannot be disclosed to the Court without breaching attorney-client privilege. Attorney Rhea also notes that no trial will be delayed by his removal.[1] Attorney Rhea served this motion on Defendants at least ten days before filing this motion with this Court, and he served notice pursuant to Local Rule 83.4 of this hearing at least five business days before the hearing. The notice instructed Defendants that they had a right to be heard on this motion and that the motion hearing was June 11, 2007 at 1:30 p.m.

At the hearing, the Courtroom Deputy called for Defendants throughout the Courthouse, but Defendants were not present. The Court asked whether Attorney Rhea was aware of Defendants retaining new counsel, and he responded in the negative. Defendants' absence coupled with Attorney Rhea's notice indicates to the Court that Defendants knew about the hearing but chose not to attend. Attorney Holifield stated that Plaintiff had no objection to Defendant's counsel's motion to withdraw. Accordingly, with no objections, this Court **GRANTS** Defendant's Motion to Withdraw as Counsel of Record for Defendants [Doc. 34].

Previously, this Court issued an Order [Doc. 32] addressing Plaintiff's Motion for Sanctions and Expenses [Doc. 29]. That Order [Doc. 32] granted Plaintiff's Motion for Sanctions and Expenses [Doc. 29] to the extent it requested reimbursement of reasonable expenses and attorney's fees incurred in seeking discovery and filing the two motions regarding discovery. In furtherance thereof, the Court directed Attorney Holifield to file an affidavit with the Court within ten days of the Order's entry detailing his reasonable expenses and attorney's fees. On May 31,

---

[1] No trial date has been set in this matter.

2007, Attorney Holifield filed his affidavit [Doc. 33], which establishes that the expenses and fees incurred were $3,055.00. Defendants have not objected to this amount. Accordingly, Plaintiff is awarded $3,055.00 in expenses and fees, as a sanction against Defendants.

Accordingly, it is ordered that:

(1) Defendant **Joseph P. Hogan** is **dismissed** as a party-Defendant due to his death [Doc. 15];

(2) Defendant's Motion to Withdraw as Counsel of Record for Defendants [Doc. 34] is **GRANTED**;

(3) **Attorney Dan Rhea** and his firm, Arnett, Draper & Hagood, are hereby **relieved as counsel of record**;

(4) Plaintiff's Motion for Expenses and Sanctions [Doc. 29] is **GRANTED**; and

(5) As established by Plaintiff's attorney's affidavit [Doc. 33], Plaintiff is awarded expenses and fees in the amount of **$3,055.00** for costs and expenses incurred in filing Plaintiff's Motion for Expenses and Sanctions [Doc. 29]. This award is against Defendants.

**IT IS SO ORDERED.**

                                              **ENTER:**

                                                s/ C. Clifford Shirley, Jr.
                                                United States Magistrate Judge